**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4433**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIAN STUART BUTLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  David J. Novak, District Judge.  (2:20-cr-00044-DJN-DEM-1)

Submitted:  September 30, 2022                         Decided:  October 21, 2022

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** A. Moshe Sherman, COATES & DAVENPORT, P.C., Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Daniel T. Young, Assistant United States Attorney, Kristin G. Bird, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In the early morning hours of October 2, 2019, police approached a car parked at a gas station in Norfolk, Virginia. Police arrested Julian Stuart Butler, the car's driver, after they noticed a firearm wedged between the driver's seat and center console and learned that Butler had a prior felony conviction. Butler pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), reserving in his plea agreement the right to appeal the district court's denial of his motion to suppress the firearm. The district court sentenced Butler to 84 months' imprisonment. On appeal, Butler contends that the court erred in denying his motion to suppress because he was subjected to an unconstitutional seizure. We affirm.

"In reviewing a district court's ruling on a motion to suppress, this [c]ourt reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (cleaned up). "Because the district court denied [Butler's] motion to suppress, we construe the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

The Fourth Amendment guards against "unreasonable searches and seizures." U.S. Const. amend. IV. However, "not every encounter between a police officer and a citizen is an intrusion" that implicates the citizen's Fourth Amendment rights. *United States v. Mendenhall*, 446 U.S. 544, 553 (1980); *see United States v. Weaver*, 282 F.3d 302, 309 (4th Cir. 2002) (noting that the Supreme Court has recognized three distinct types of police-citizen interactions, namely, arrests, brief investigatory stops, and brief encounters, "which require no objective justification"). "Only if a seizure took place does

2

the Fourth Amendment come into play." *United States v. Wilson*, 953 F.2d 116, 120 (4th Cir. 1991).

Accordingly, in determining whether the policer officers infringed upon Butler's Fourth Amendment rights—and, thus, whether suppression of the firearm was warranted— we must first decide "whether a seizure even occurred." *Id.* A seizure occurs "when an officer by means of physical force or show of authority, has in some way restrained [the individual's] liberty," *United States v. Bowman*, 884 F.3d 200, 211 (4th Cir. 2018) (internal quotation marks omitted), such that "a reasonable person would not feel free to leave or otherwise terminate the encounter," *Weaver*, 282 F.3d at 309. In evaluating whether a seizure has occurred, we examine "the totality of the circumstances surrounding the [incident]." *Id.*

Here, three uniformed police officers arrived at the scene, but they did not physically block Butler's exit from the parking lot or display their weapons. Moreover, only two officers approached Butler's car, and only one officer spoke to Butler. She did so in a conversational tone, did not accuse Butler of any wrongdoing, and asked him routine questions related to his welfare. *See Wingate v. Fulford*, 987 F.3d 299, 305 (4th Cir.) (noting police officers "may approach someone absent suspicion of criminal conduct and generally ask questions of that individual, request cooperation in a criminal investigation, or provide assistance" (cleaned up)), *cert. denied*, 142 S. Ct. 89 (2021). While the officer requested Butler's identification, "officers may always request someone's identification during a voluntary encounter," and nothing in the officer's tone or language suggested that she was ordering Butler to comply with her request. *Id.* at 310. Similarly, although Butler

3

argues that the encounter became a seizure when the second officer activated her flashlight, the officer's action was unremarkable.  It was dark outside, the officer used her flashlight to illuminate Butler's dimly lit car as he was rummaging around for his identification, and the officer remained relaxed and did not issue any commands.  *See United States v. Douglass*, 467 F.3d 621, 624 (7th Cir. 2006) (finding officer's activation of flashlight did not transform otherwise consensual encounter into a seizure).

Under these circumstances, we conclude that the district court properly found that the police officers' initial interaction with Butler was a consensual encounter, not a seizure implicating Butler's Fourth Amendment rights.  The officers did not seize Butler until they ordered him to exit the vehicle.  The district court also found that this seizure was lawful because the officers had reasonable suspicion to investigate the legality of the firearm, which they noticed lying in plain view as Butler was searching for his identification, and Butler does not contest this finding on appeal.  *See United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) ("[I]t is elementary that an issue not presented fairly in an appellant's opening appellate brief is thereby waived.").

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4